(I86824/gn)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 10-50144 |
| | ) | |
| Melinda Beth Wright | ) | Chapter 13 |
| | ) | |
| | ) | Judge Marilyn Shea-Stonum |
| Debtor | ) | |
| | ) | **MOTION OF CREDIT ACCEPTANCE** |
| | ) | **CORPORATION FOR RELIEF FROM** |
| | ) | **STAY** |
| | ) | |
| | ) | 2002 Dodge Durango |

Credit Acceptance Corporation (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362, and 363, and other sections of Title 11 of the United States Code, and under Federal Rule of Bankruptcy Procedure 4001 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362.

MEMORANDUM IN SUPPORT

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On August 24, 2009, the Debtor Melinda Beth Wright obtained a loan from Van Devere Inc. in the amount of $10,028.64. Such loan was evidenced by a NADA dated August 24, 2009 (the "Note"), a copy of which is attached as Exhibit A.

3. To secure payment of the Note and performance of the other terms contained in it, the Debtor(s) Melinda Beth Wright executed a Security Agreement in favor of Van Devere Inc. dated August 24, 2009 (the "Security Agreement"). The Security Agreement granted a lien on the 2002 Dodge Durango owned by Melinda Beth Wright (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

☐     attached as Exhibit B;

OR

☒     contained in the Note, attached as Exhibit A.

4.     The lien created by the Security Agreement was duly perfected by:

☐     Filing of the Security Agreement in the office of the _____ County Recorder on _____.

☐     Filing of the UCC-1 Financing Statement in the office of _____ _____ on _____.

☒     Notation of the lien on the Certificate of Title.

☐     Other (state with particularity)_____

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit B. Based on Certificate of Title, the lien is the first lien on the Collateral.

5.     The entity in possession of the original Note as of the date of this motion, is Credit Acceptance Corporation, P.O. Box 513, Southfield, MI 48037.

6.     The entity servicing the loan is: the Movant.

7.     The Note was transferred, as evidenced by the following:

    a.     If the Collateral is real estate:

       i.     Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender (check only one):

☐     N/A.

OR

☐     By endorsement on the Note, payable to_____.

OR

☐     By blank endorsement on the Note.

                OR

☐    By allonge attached to the Note, payable to_____.

                OR

☐    By blank allonge, attached to the Note.

                OR

☐    The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation): _____.

                OR

☐    By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit ___. Explain why it provides Movant the authority to endorse the Note:

_____
_____
_____.

    <ii.    Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the _____ _____ to _____

    <iii.    A court has already determined that Movant has the ability to enforce the Note with a judgment dated _____ in the _____. A copy of the judgment is attached at Exhibit ____

    iv.    Other_____ [explain].

b.    If the Collateral is not real estate (check one):

☐    N/A.

            OR

☒ From the original lender to Credit Acceptance Corporation by Retail Installment Contract.

8. The Security Agreement was transferred as follows (check one):

☐ N/A.

OR

☒ From the original lender on August 24, 2009 to Credit Acceptance Corporation. The transfer is evidenced by the document(s) attached to this Motion as Exhibit A.

9. The value of the Collateral is $7,175.00. This valuation is based on NADA.

10. As of the date of this motion, there is currently due and owing on the Note the outstanding principal balance of $9,007.52, plus interest accruing thereon at the rate of 24.49% per annum [$n/a PER DAY] from August 31, 2010, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 does not include a credit for the sum held in a suspense account by the Movant. The amount of the credit is N/A.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

☒ N/A.

☐ The _____ County Treasurer, for real estate taxes, in the amount of $_____.

☐ Co-Debtor _____

☐ _____, in the amount of $_____.

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: _____

☐ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

☐ Debtor has failed to keep current the real estate taxes owed on the Collateral.

☐ Debtor has failed to make periodic payments to Movant since the commencement of this bankruptcy case for the months of, which unpaid payments are in the aggregate amount of $. The total provided in this paragraph cannot be relied upon as a post petition reinstatement quotation.

☒ Debtor is delinquent in funding the plan, and therefore the trustee has failed to make periodic payments to Movant since the commencement of the bankruptcy case for the months of May, 2010 through August, 2010, which unpaid payments are in the aggregate amount of $3,753.00 through August, 2010. The total provided in this paragraph cannot be relied upon as a post petition reinstatement quotation.

☒ Debtor has no equity in the Collateral, because the Collateral is valued at $7,175.00, and including the Movant's lien, there are liens in an aggregate amount of $10,935.25 on the Collateral.

☐ Debtor's plan provides for surrender of the Collateral.

☐ The property is not necessary to an effective reorganization because _____.

☐ Other cause (set forth with specificity):_____.

14. Movant has completed the worksheet, attached as Exhibit C.

WHEREFORE, Movant prays for an order from the Court granting Movant relief from the automatic stay of Bankruptcy Code § 362 to permit Movant to proceed under applicable nonbankruptcy law.

Respectfully submitted,

/s/Clinton Preslan
THEODORE A. KONSTANTINOPOULOS #0065542
LINDSEY HALL #0075152
CLINTON PRESLAN #0080748
Attorneys for Creditor
Javitch, Block, & Rathbone
1100 Superior Avenue, 19th Floor
Cleveland, Ohio 44114-9971
Phone: (216) 623-0000
Fax: (216) 685-3005
ndohbky@jbandr.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 2, 2010, a true and correct copy of the foregoing Motion for Relief from Stay of Credit Acceptance Corporation was served via the Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

Robert M. Whittington, Jr.
Keith Rucinski

and by regular U.S. mail, postage prepaid, to:

Melinda Beth Wright
P.O. Box 2666
Stow, OH 44224

/s/Clinton Preslan
THEODORE A. KONSTANTINOPOULOS #0065542
LINDSEY HALL #0075152
CLINTON PRESLAN #0080748
Attorneys for Creditor

**EXHIBIT C**

(I86824/gn)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 10-50144 |
| | ) | |
| Melinda Beth Wright, | ) | Chapter: 13 |
| | ) | |
| | ) | Judge Marilyn Shea-Stonum |
| Debtor | ) | |
| | ) | **CREDIT ACCEPTANCE** |
| | ) | **CORPORATION'S RELIEF** |
| | ) | **FROM STAY WORKSHEET** |

I. LOAN DATA

    A. IDENTIFICATION OF COLLATERAL (check all that apply):

        ☐ Real Estate _____
            ☐ Principal Residence of Debtor(s)
            ☐ Other

        ☒ Personal Property 2002 Dodge Durango
        ☐ Debtor's Chapter 13 Plan provides for surrender of the Collateral
        ☐ Other Property <Describe> _____

    B. CURRENT VALUE OF COLLATERAL: $7,175.00

    C. SOURCE OF COLLATERAL VALUATION: NADA

    D. ORIGINAL LENDER: Van Devere Inc.

    E. ENTITY ENTITLED TO ENFORCE THE NOTE: Credit Acceptance Corporation

    F. CURRENT LOAN SERVICER: Credit Acceptance Corporation

    G. DATE OF LOAN: August 24, 2009

    H. ORIGINAL PRINCIPAL AMOUNT DUE UNDER NOTE: $10,028.64

    I. ORIGINAL INTEREST RATE ON NOTE: 24.49%

    J. CURRENT INTEREST RATE: 6.00%

K. ORIGINAL MONTHLY PAYMENT AMOUNT
(principal and interest only for mortgage loans): $342.76

L. CURRENT MONTHLY PAYMENT AMOUNT: $903.50

M. THE CURRENT MONTHLY PAYMENT AMOUNT LISTED ABOVE:

☐ Includes an escrow amount of $_____ for real estate taxes.
☐ Includes an escrow amount of $_____ for property insurance.
☐ Includes an escrow amount of $_____ for _____.
☒ Does not include any escrow amount.

N. DATE LAST PAYMENT RECEIVED: April 23, 2010

O. AMOUNT OF LAST PAYMENT RECEIVED: $417.00

P. AMOUNT HELD IN SUSPENSE ACCOUNT: $0.00

Q. NUMBER OF PAYMENTS PAST DUE: 4

II. AMOUNT ALLEGED TO BE DUE AS OF THE DATE THE MOTION IS FILED

|   | Description of Charge | Total Amount of Charges | Number of Charges Incurred | Dates Charges Incurred |
|---|---|---|---|---|
| A. | PRINCIPAL | $9,007.52 | | |
| B. | INTEREST | $ | | |
| C. | TAXES | $0.00 | | |
| D. | INSURANCE | $0.00 | | |
| E. | LATE FEES | $0.00 | 0 | n/a |
| F. | NON-SUFFICIENT FUNDS FEES | $0.00 | | |
| G. | PAY-BY-PHONE FEES | $0.00 | | |

| | | | | | |
|---|---|---|---|---|---|
| H. | BROKER PRICE OPINIONS | $0.00 | | | |
| I. | FORCE-PLACED INSURANCE | $0.00 | | | |
| J. | PROPERTY INSPECTIONS | $0.00 | | | |
| K. | OTHER CHARGES (describe in detail and state contractual basis for recovering the amount from the debtor) | $0.00 | | | |

TOTAL OF DEBT AS OF DATE MOTION IS FILED: $ 9,007.52 *

* This total cannot be relied upon as a payoff quotation.

III. AMOUNT OF ORIGINAL PRE-PETITION ARREARAGES $0.00

IV. AMOUNT OF ALLEGED POST-PETITION DEFAULT

| | Description of Charge | Amount | Number | Date Incurred | Total |
|---|---|---|---|---|---|
| A. | PAYMENTS | $903.50 | 4 | 5/10 - 8/10 | $3,753.00 |
| B. | POST-PETITION PAYMENTS ADVANCED FOR TAXES (if not included in payment amount above) | $0.00 | | | |
| C. | POST-PETITION PAYMENTS ADVANCED FOR INSURANCE (if not included in payment amount above) | $0.00 | | | |
| D. | LATE FEES | $0.00 | | | |

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| E. | NON-SUFFICIENT FUNDS FEES | $0.00 | | | |
| F. | PAY-BY-PHONE FEES | $0.00 | | | |
| G. | BROKER PRICE OPINIONS | $0.00 | | | |
| H. | FORCE-PLACED INSURANCE | $0.00 | | | |
| I. | PROPERTY INSPECTIONS | $0.00 | | | |
| J. | OTHER CHARGES (describe in detail and state the contractual basis for recovering the amount from the debtor) | $0.00 | | | |

TOTAL ACCRUED: $ 3,753.00

LESS SUSPENSE BALANCE: $ 0.00

TOTAL POST-PETITION DEBT: $3,753.00

V. THE TRUSTEE LEDGER SHOWING POST-PETITION DISBURSEMENTS ON THIS DEBT OR A POST-PETITION PAYMENT SUMMARY SHOWING THE PAYMENTS MADE BY THE DEBTOR ON THIS DEBT IS ATTACHED TO THIS WORKSHEET AS EXHIBIT "1".

This Worksheet was prepared by:

/s/Clinton Preslan
THEODORE A. KONSTANTINOPOULOS #0065542
LINDSEY HALL #0075152
CLINTON PRESLAN #0080748
Attorneys for Creditor
Javitch, Block, & Rathbone
1100 Superior Avenue, 19th Floor
Cleveland, Ohio 44114-9971
Phone: (216) 623-0000
Fax: (216) 685-3005
ndohbky@jbandr.com